Case number 20-1076, Miguel Perez v. Sturgis Public Schools et al. Oral argument is not to exceed 15 minutes per side. Ms. Seidman for the appellate. May it please the court. My name is Ellen Seidman. I'm here today on behalf of Miguel Perez. Mr. Perez, who is deaf, is entitled to a decision on the merits that the district violated his civil rights under the ADA by denying him effective communication for 12 years. Miguel spent 12 years in Sturgis Public Schools unable to communicate with his teachers and his peers. He is here seeking money damages to compensate him for the emotional distress he suffered from his isolation and discrimination in violation of the ADA. The district court erred in dismissing his claim for four reasons. First, Miguel exhausted his administrative remedies. Second, alternatively, exhaustion was futile. Third, alternatively, his effective communication claim did not require exhaustion. And finally, having obtained dismissal of the ADA claim from the due process forum, the school district is judicially stopped from denying him a forum in federal court for his ADA claim. There's no dispute that Miguel included his ADA claim in the due process complaint that the school district moved to deny him a hearing on the merits of that claim in the due process forum and that the hearing officer... I'm sorry to interrupt you. I didn't mean to interrupt you that early, but your clock is not running and I... There we go. Okay. Now you got it. Judge Strange, I say she gets that as free time since... I say she does. Okay. Thank you. Well, thank you, Your Honors. So the hearing officer was the one that made the call. The due process hearing was not the right forum for the ADA claim. The Supreme Court in Frye was clear. The student is the master of his claim and can choose to bring an ADA claim, an IDA claim, or both. And 1415L provides that the ADA and IDA claims are separate vehicles for enforcing different legal rights. The ADA being a civil rights statute for freedom from discrimination and the IDA providing a right to a free appropriate public education. While there is overlap in these statutes... So now I have a question. In Frye, Justice Kagan said we look to the gravamen of the complaint to determine what you're bringing and that labels don't matter. And it seems to me when I read your complaint here, what your real complaint is about seems legitimate to me is that the school district didn't provide your client a fair and appropriate education. And that seems to me to be a traditional IDEA claim. So why doesn't the... Because I think that's a bad terminology for what it is. Because you actually don't have to, and I'm sorry, this is long-winded, exhaust your ADA claim. You have to exhaust your IDEA procedures to be able to bring your ADA claim. So it's actually a bar on bringing the ADA claim if you don't exhaust. But back to the question, why isn't the gravamen of the complaint here the same? For the effective communication claim as an ADA claim, there's no requirement that the student show that their right to sign interpreter was dependent on having free appropriate public education. Thus, as in the Tustin case, a student might have the right to have an interpreter under the ADA, but not have the right to an interpreter under IDEA because it might not be required for a free appropriate public education. This court does not have to decide that issue here because... Your original complaint says different, right? Your original complaint seeks an appropriate... I can get it out, but I thought it sought an interpreter under both, an adequate interpreter. I can't remember the exact language you used. Yes, at the time that the due process complaint was filed initially at the hearing, Miguel, the complaint was for both a free appropriate public education and also for effective communication and was seeking perspective relief in that case, which was achieved by the settlement of the IDEA claim. Miguel here had two very strong legal claims. And the point is that the problem here is that Miguel was not able to exhaust his ADA claim in the administrative procedure under Michigan law. Well, you don't have to exhaust. Under 1415L, you don't have to exhaust your ADA. You have to exhaust the IDEA procedures. Justice Kagan made that clear in Frye, and the language makes it clear. Right, but what you have to exhaust is the IDEA procedures. You don't have to exhaust an IDEA claim. In other words, for the court to require Miguel to exhaust an IDEA claim in a due process hearing is to revive Smith v. Robinson and say that the only way to get an ADA claim in federal court is to exhaust an IDEA claim. The statute refers to IDEA procedures. Every circuit that's looked at this, including the 10th and 8th, has said, and Justice Gorsuch wrote for the 10th, has said that settlement does not exhaust, right? You haven't found any cases that say settlement is sufficient exhaustion of the IDEA procedures. I think that Doucette actually, in the First Circuit, which is more recent and which was decided since Frye, is actually on point. Because in that case, the student obtained relief of the IDEA claim in that case without even going to a hearing. How did they obtain relief? Through negotiation with the school district. But in that claim in Doucette, even Judge Selian dissent acknowledged, he said the 1983 claim had to be exhausted, but it was the 1983 claim that would have to go through the IDEA procedures. In other jurisdictions, like Ohio, a student can bring a 504 or other non-federal claim in the IDEA due process procedure. So, in other words, had Miguel's ADA claim not been dismissed, he would have been able to bring that claim through the IDEA procedures as the statute contemplates. This statute contemplated that a student could bring an ADA claim, an IDEA claim, either one, and that the only requirement was that you had to exhaust the IDEA procedures. But the procedures could be used. The due process hearing with an administrative hearing officer who hears a record, hears witnesses, that could happen with an ADA claim. There's no reason why the IDEA claim has to be brought. And in other jurisdictions, and that's in our brief, students can bring the 504 and other claims in the due process hearing. In this case, the settlement in this case, which was obtained by a 10-day offer, so it was, which is similar to the Rule 68 offer, that offer did not explicitly require my client to waive his rights, give a release of his rights under the ADA. And this court, in its jurisdiction, in its jurisprudence in Rule 68, is clear that offers have to be clear. And you can't, the school districts here shouldn't be able to play heads we win, tails you lose. And require- Let me ask you this. If you truly had to exhaust, they wouldn't have to ask for a waiver, correct? In other words, if you settle and that claim is barred by the provision, they wouldn't have to ask for a waiver because the bar would operate as a waiver. Assume the ADA claim, the gravamen of both complaints is the same, just for my hypothetical. If they offer judgment on IDA, they don't have to ask for a waiver of the ADA to bar it if the bar would operate independently. You agree with that, I presume? I think that the issue is what does gravamen mean? Because gravamen does not mean the two claims are identical. If there are two identical claims, if the ADA and the IDA claim were identical, a settlement of the IDA- You agree with my premise, right? No, I don't agree with your premise. So you're saying even if it was barred, they still have to get a waiver? Yes, I think that the gravamen merely refers to an important element of the case. I think the ADA claim, even if it's a claim of free appropriate public education, is not identical to an IDA claim. I think the Snell claim makes that clear. Your argument is you can always bring an ADA claim if you don't exhaust your IDEA claim? No. No. My argument is that you have to- When you are bringing a claim that raises- When you want to bring an ADA claim, I think the law is clear, and I think the 11th Circuit decision in DuBrow is clear that you're required, through exhaustion, to raise the ADA claim. And the 11th Circuit in that case said the parent was barred from bringing the ADA claim, even though the parent had litigated the IDA claim, because the parent had not filed the ADA claim as part of the due process proceeding. And courts have been- Part of the problem is that the case- The law is a bit confusing in this area. But the law- Do the answers to the Frye questions help distinguish the IDEA claim from the ADA claim? Yes. In our case, the effective communication, the answer to the Frye questions do distinguish the case, because the claim about being denied effective communication is exactly the kind of claim that a parent could make against a school district to get a parent to have a meeting with the school district about their student. Or someone could make about going to the library or some other public facility. Exactly. And it's the claim a student can make against a college or a law school or even in court. And I'm struggling a little bit with the distinction between who bears the burden of proof. There is a good bit of argument about, by the defense, that you failed to prove or failed to establish. But isn't exhaustion of remedies an affirmative defense on which the defense bears the burden of pleading and establishing? Yes, Your Honor. Isn't that Jones v. Block, the United States Supreme Court? Yes. That is correct. And if that's the case, then where does the 1415L fit in? Does it follow from that having been appropriately pled and established by the defense? And then the case turns back to the plaintiff to carry its burden to plead that an exception applies, right? Yes, Your Honor. Okay. So we are at whether there is, in fact, an exception or whether exhaustion, in fact, was appropriately pled and proven. Do you have a position as to whether exhaustion in this unusual context of Michigan law is even required? Exhaustion is not required, but if it was required, it was futile because my client was barred from bringing the ADA claim in the administrative process, unlike 40% of the other jurisdictions. And recently, the AJ v. Genesis case, excuse me if I can finish. Please. The Tennessee Federal District Court indicated that a state that barred, that federal law would require a hearing officer to hear the ADA claim if it fell under the requirement of 1415L. So otherwise, under this issue, is your argument that because under the particular law of this case, the ADA was dismissible or not pursuable in the IDEA format or procedures, that short of this ability to litigate it separately, you're actually barred from bringing an ADA claim? Yes. Okay. Explain how your prejudice argument works very quickly. Very quickly. Well, because the hearing officer dismissed the ADA claim, we couldn't decide that case in the administrative forum. And the school district made an offer of judgment under, or what's similar to Rule 68, under the statute, a 10-day offer. And that offer did not have an explicit release of the ADA claim. And if we rejected, you know, and therefore we would have been barred from getting attorney's fees from the IDA claim if we had pursued it. I mean, the statute is designed to require students to take offers of a free appropriate public education so that students could benefit from the free appropriate public education. Miguel got the relief he was entitled to under IDA from settling his IDA claim. And it seeks ADA for a different relief. That's the concept. Yeah. The ADA provides for damages and the damages requires additional proof. That's what Snell said. If we had gone to a hearing and won on the IDA case and then gone to federal court, the school district would have said that we would have had to prove liability all over again under the ADA statute that requires intentional discrimination. So it would not have been a case where there would have been collateral estoppel and we would have just gone to federal court for the damages. And the ADA case is a case where we have trial by jury. We've requested a trial by jury on the claim. So there would have been negligible benefit to an administrative record. You will have... Judge, could I ask one question? I'm sorry. Go right ahead. Okay. Very briefly. This is slightly off the direction we've been going. But there's considerable argumentation, I thought, in the briefing about the fact that Miguel is now gone from the school and that you're seeking money damages. Do I read that correctly that your side would say that even if the gravamen is the same, because you're seeking money damages and because he could not get any further relief from exhausting, you can bring your ADA claim anyway so long as those two things prevail, money damages and he's gone? Am I misreading your side there? Yes, that's true. This is a case where Miguel... It's true that I'm misreading it or it's true that that's your position? It's true that that's our position. Okay. That's all I need to know. Thank you. Thank you. Thank you. You will have your rebuttal time. May it please the court. My name is Ken Chappie. I'm here representing the defendant of Pell East, Sturgis Public Schools and the Board of Education. I want to address something that Judge Boggs just brought up, and that is whether or not this claim would then be futile because Miguel is allegedly gone and money damages are the only thing that could make him whole. That is not true. And that I think is clear by the plaintiff's reply brief. In the state of Michigan, school districts retain jurisdiction and are required to provide educational services to those in their school district. And they have to provide those services to special needs students until the age of 26. Miguel is not 26 yet. According to his due process complaint that was signed on October 5, 2017, he was 22 at that time. He's 25 now. He could continue receiving school services from the school district until he turns 26. And if you turn 26 in the middle of school year, you can continue receiving those services until the end of the year. Money is not the only thing that could have made him whole. He could have received more in compensatory services. He decided not to because he entered an agreement. He's claiming that he was denied any educational service or communication. Yes, sir. Yes, sir. I mean, your friends on the other side points a good one. Why didn't you get a release in the settlement of any and all claims? That's pretty routine. Well, your honor, we could have gotten a release, but the whole point is they haven't exhausted. They haven't done what is required under Section 14 15 now, which is exhaust the IDEA procedure. And the courts have been clear about that. Let me ask this after Frye, which you knew existed, right? I litigated that case. OK, and I hope it existed after Frye. It seems to me you knew that independent of that, if the grabber man was different, she could bring or he I'm sorry, could bring a claim in federal court. Well, your honor, my answer to that is I wasn't representing the school district at that time, so I can't answer what was part of those discussions when they entered the settlement agreement. I never even seen the settlement agreement until last night. But I can say this. I do not believe that the government for complaint is separate from IDEA or for seeking relief for the denial of a free, appropriate public education. What we learned in Frye is you look at all the facts together. You look at the original reason why they came forward and asked for assistance. And that is a two part claim. It is they claim that Miguel walked into the school and had no communication skills, and they claim that the school district failed to provide any instruction on communication, including sign, English, ASL, any form of communication for 12 years. And then when they did provide him with a qualified ASL interpreter that he couldn't use that interpreter. And when they did provide interpreters, he could communicate with and access the building. Those interpreters didn't know ASL. I'm not concerned about that argument, counselor, is that is that throughout your briefing, you characterize the plaintiff's complaint as the defendants as seeking relief for them. I want to make sure I get it right. Seeking relief for defendants failure to teach him ASL. But in fact, the complaint states a different claim from that, don't they? I'm struggling with the characterization when the plaintiff is master of his own complaint. And if he wants to allege that you failed to do something different in the context of the ADA, then that's the claim that's made. I don't see how you can recharacterize it as a fail. You can teach ASL, which is what may have been more addressed in the IDEA claim. Your Honor. True, Fry makes mention of master of own claim, but Fry also says you cannot artfully plead your claim in part of the two clues. The second clue is to go to the history to seek what the plaintiff did to bring forward their complaint originally. Why they were seeking assistance. And if under that clue, if it looks as though there is a litigation strategy of trying to maximize damages, then it would tend to suggest that exhaustion is required. They cannot cherry pick certain parts of their original claim. That would suggest the very litigation strategy that Fry was saying cannot occur. Now, again, you've got to go back to the original reason why they came forward. And you can't say that, but they had cancer. I'm struggling with that because they had two different claims and you moved to dismiss the ADA. And under that law, it was dismissible. So you are left with only litigating the IDEA claim in that proceeding. So why doesn't that warrant they then still master of their own complaint as to a separate claim under the ADA? Because, Your Honor, in most states, as the plaintiff points out in their reply brief, I believe, at least in some states, an ALJ doesn't have jurisdiction over those legal theories. So if you accept the plaintiff's argument, exhaustion would never be required in the state of Michigan in states with similar laws. And we understand if we accept your argument, then you can dismiss their ADA claim and they have no recourse because there's nowhere else that it can be litigated based on your arguments. I disagree with that, Your Honor. In this particular case, the ALJ retained jurisdiction over every fact that was underlying the ADA and 504 claim. The ALJ could have provided relief for those facts. A question I think gets to your point, which is the statute doesn't require. I think everyone in the courts generally misunderstand the statute. The statute doesn't require exhaustion of the ADA claim to break. It requires exhaustion of the IDEA procedures. If she never brought an ADA claim in front of the ALJ, she exhausted. I'm sorry. He exhausted his procedure in front of the ALJ and went to court. He could have sued on the ADA claim, correct? Yes, absolutely, Your Honor. So he doesn't have to exhaust an ADA claim in front of the ALJ. Though I agree with the point, the IDEA procedures help develop a factual record that can ultimately help in the district court. But the reality is the ADA claim never has to be exhausted. It's the IDEA procedures, as Justice Kagan said in Frye. And if those are exhausted, no matter whether you brought an ADA claim initially or not, you can bring an ADA claim in court, correct? Correct, Your Honor. You can. So it's your position that the purpose... Now, let me back up and say it's my understanding of the IDEA that the goal is to make immediately available a FAPE to address between the parents, the child, and the school what needs to be done and resolved. Hence, the 10-day offers which occur for the whole purpose of moving the case along and getting the child what the child needs. So your position is if we enact that policy by entering a 10-day deal, accepting that offer and resolving that claim, then that is appropriate to dispense with any of the other claims that could have been brought because under your position, a settlement does not enable you to go forward because it's not exhaustion of the IDEA procedures, right? So you have to go. You cannot accept an offer. You have to go however long it takes. You have to litigate it. You have to hear it before the administrative agency. You have to create a record. And only then can you pursue an ADA claim. That seems to me to be just so counter to the policy of this Act. Well, I disagree, Your Honor. First of all, the requirements for exhaustion are explicitly stated in the Act and they have to be followed. You have to have the hearing. You have to have the record. You have to have the findings and decision, which is the terms that are used in the cases. And you have to have an agreed party. That's not true as to an ADA claim that doesn't have the same grovelment of the complaint, correct? Correct. So you can bring other claims, even if you settle, as long as they aren't barred by the 1415-L? Yes, I guess an example of that would be if there was a student who was physically abused in the classroom, but just coincidentally had a disability and received special education services. I think the court has made that clear in Covington and in FH v. Hall that the physical abuse claim, which would be a constitutional claim, would not have to be exhausted. But this case is different because their claims are interconnected. And the dismissal, I should point out, which is important, the dismissal was something that was agreed to by the plaintiff. It's in paragraph 3 of Exhibit 12-3. The plaintiff did not object to this dismissal based on jurisdictional grounds. They knew it was going to go forward, that all the claims would be going up in front of the due process hearing officer, and the ALJ could have made a determination, findings and decisions, and there could have been an agreed party, but that did not occur. At the time that was resolved, at the time that procedure was ongoing, the ADA had already been dismissed. Isn't that correct? Just the legal theory, yes. Not the facts underlying that claim. That was never dismissed until the plaintiff... And that begs the question as to whether the facts underlying the ADA claim may be distinguishable from the facts in the IDEA claim. Isn't that the whole question, whether there is a common gravamen? And I guess, to me, where that gets raised is how do you answer the two Frye questions? Doesn't the request for access, for ability to be provided a service, doesn't the answer to the Frye's question suggest that that could be brought by a parent at the school, or a hearing impaired individual at a school, at a public library, or some other facility authorized by the government? No, Your Honor, and this is why. If you're just categorizing it by looking at the magic words and saying an effective communication claim versus an IDEA claim, that's not the proper way to examine the question. The question is looking at the plaintiff's particular facts, and their particular facts are so interconnected. Had this child, which did occur, receive an ASL qualified interpreter, he could not have communicated with them. Now, plaintiff cannot say that that would satisfy, and that's plaintiff's allegation, by the way, that the plaintiff couldn't communicate with this qualified interpreter. Plaintiff cannot say that that would satisfy an effective communication claim under the ADA. Their claim, the substance of their claim is a two-part claim, that he was never taught ASL or any form of communication in order to adequately communicate with an auxiliary aid. And also, the auxiliary aid, the aid issue, the interpreter, isn't just an ADA issue. It is in the regulations to the IDEA as well. The regulations to the IDEA and all the accommodations you can provide are expansive. I mean, they are pretty overlapping with a lot of those in the ADA. But the point is that it's the plaintiff's particular ball of facts. You can't pick out some and pick out others. Then you're talking about artful pleading, which the Supreme Court in Frye said you cannot do. You have to look at the whole ball of wax here and see why it is the plaintiff came forward in the first place seeking relief, seeking help. It's almost a non-legal question. It's just more of an observation of what the plaintiff says. And how does it play in that only the ADA can provide the damages and that remedy is not available under the IDEA? Money damages, that's just the way the statutory schemes are drafted, Your Honor. What it means is that this is a remedy that is not available under the IDEA. It is only available under the ADA. And isn't that a distinguishing factor in the case? No, Your Honor, because that is a distinguishing factor in every case where there is exhaustion as an issue because the ADA always allows for money damages. And the IDEA does not allow for money damages. And Congress still required the exhaustion requirements to take place. So regardless of that fact, you still have to exhaust these procedures. Now, the Frye family made that exact argument in the en banc appeal and to the Supreme Court in their petition. And it is this en banc appeal was denied and the Supreme Court did not adopt that argument. In fact, the Frye's ended up they ended up abandoning that argument because they acknowledge that it's really what's the substance of what we're looking at here. Are you talking about the argument regarding relief for emotional distress or are you talking about something else? Yes. Relief for emotional distress. The Supreme Court didn't decide that, right? Footnotes four and eight, they specifically reserved it. Correct. That has been addressed. Every circuit's decided it in the favor you've said, correct? Yes, including the Sixth Circuit. In the Covington case? Yes, which was highlighted, I think, in FH versus Hall as well. I believe that's what it was. I see that my time is up. Unless I have any more questions, we are asking the court to affirm our dismissal. Thank you. Ms. Seidman. Your Honor, first point is that in this case, and to go back to Judge Boggs question, the record in this case shows with the declaration of Carolyn Jackson that Miguel Perez was going to graduate from school in this past June, which he did graduate from the school. Once he had his merit diploma, there is no longer any education from the school district. I would also note that there really was also no dispute that the school district denied Miguel FAPE. As soon as he had an advocate, they agreed to place him at the Michigan School for the Deaf, where he was able to receive sign language interpreter. So that was not an issue. Can I ask one question about your futility argument? Doesn't Ross v. Blake, the Supreme Court case from 2016 by Justice Kagan, bar that argument? In other words, this is a statute. It's statutory exhaustion. And Ross v. Blake says judges can't create futility exceptions to statutory exhaustion. Only Congress can. Your Honor, the courts have said that they have consistently found an exhaustion. Futility applies to exhaustion under IDA. In addition, the cases... I'm sorry to interrupt, and I promise after this I'll mute myself. What do we do with Ross v. Blake, then, where Justice Kagan said we're not allowed to do it? Your Honor, would you like me to submit supplemental briefing to address that question? That's fine. I mean, we can read the case. Either way is fine with me, whatever Judge Stranch wants. It would be fine for you to supplement if you would like. Okay, I would like to supplement to address that. And I think it's important to note that the gravamen of this case, what distinguishes the ADA case from the IDA case, is the issue of damages, which requires a difference in the liability standard. The Snell case makes clear that even a victory on an IDA case does not establish liability under the ADA case. So the two cases, while they may overlap, they're not identical. And Miguel was ready, willing, and able to litigate this case. This is not an artful drafting case, because Miguel was ready, willing, and able to litigate the ADA case in the context of the due process procedure, which would have given all of the benefits of exhaustion. The statute specifically provides that the ADA procedures shall be exhausted to the same extent as would be required had the action been brought under this subchapter. That use of the conditional language makes clear they're not requiring an IDA case to be brought, merely the ADA case. And I think the Dubrow case in the 11th Circuit, and also there's a pending case before the 10th Circuit from Denver, where the student was barred from bringing the ADA claim because he had not, in the district court, because he had not pled the ADA claim in the due process procedure.  Okay, Your Honor, Miguel is entitled to a decision on the merits of his ADA claim. He was barred in the school district, obtained dismissal from the due process hearing, and he is entitled to a forum, one place or the other, to bring his claim. And since he was barred in the district court at the due process procedure by the school district's motion to dismiss, he's entitled to pursue that court in the district court, and this court should reverse. Thank you very much. This is a complex and interesting case. Your briefing was helpful, and your argument was too. The case will be submitted, and an opinion will come out in due course. You may call the next case.